## FALLEN *v.* UNITED STATES.

No. 210. Argued April 30, 1964.—Decided June 22, 1964.

*Isaac N. Groner,* by appointment of the Court, 376 U. S. 940, argued the cause and filed a brief for petitioner.

*Philip B. Heymann* argued the cause for the United States. On the brief were *Solicitor General Cox, Assistant Attorney General Miller, Beatrice Rosenberg* and *Richard W. Schmude.*

MR. CHIEF JUSTICE WARREN delivered the opinion of the Court.

At issue in this case is whether petitioner's notice of appeal was filed within the time specified by Rule 37(a)(2) of the Federal Rules of Criminal Procedure.

Petitioner was convicted on January 11, 1962, of violations of the postal laws.[1] Four days later—on January 15—he appeared for sentencing with the attorney who had been appointed to represent him at trial. Consecutive sentences aggregating 20 years were imposed, after which the defendant asked if he could appeal the case "as an insolvent." The sentencing judge replied:

"Oh, yes, you always have a right to appeal; the Government provides for that.

"So that will be all. We are through with this case.

"Mr. Marshal, you may take charge of the defendant."

Before he was taken out of the building, petitioner was given an opportunity to consult with his court-appointed attorney. According to the attorney's later recollection, petitioner asked him at that time if he would be interested in representing him on an appeal. The attorney responded that his firm did not want him to undertake any further criminal matters, and that it would thus be best for petitioner to secure another attorney promptly so as not to forfeit his right to appeal. The attorney recalled that this conference lasted for about an hour and a half—petitioner, that it lasted for only a few minutes. In any event, petitioner was then taken back to the medical center at which he had been quartered during the trial.[2] Early the next morning, he was transferred to hospital facilities at Atlanta to commence his sentence. At neither place was he permitted to have visitors.

---

[1] Specifically, 18 U. S. C. §§ 371, 641, 2115.

[2] As the result of an automobile accident in 1951, petitioner is a paraplegic confined to a wheelchair. In addition to complications which have resulted from his affliction, petitioner was at the time of sentencing suffering from the flu. He was kept in medical facilities, it appears, more because of his flu than his more permanent condition.

On January 29, 14 days after sentencing, the clerk of the court in which petitioner had been convicted received letters from petitioner asking for a new trial and for an appeal. The letters were dated January 23 by petitioner, and were mailed in a single envelope which bore a government frank but no postmark. No communications had been received in the interim from either petitioner or his court-appointed counsel.

The chief judge of the district then reappointed the same attorney for the purpose of presenting the motion for a new trial to the trial judge at a hearing which was set for that purpose. In due course the motion was denied on the merits, the time question having been argued but not decided. On the same day, petitioner's reappointed attorney filed a notice of appeal and petitioner was granted leave to appeal *in forma pauperis*. Thereafter a new attorney was appointed to represent petitioner before the Court of Appeals and the case was set for hearing on the Government's motion to dismiss the appeal because the notice was not timely filed.

A divided Court of Appeals held, first, that petitioner's motion for a new trial was not timely filed, and that the consideration of the motion on the merits by the trial judge was in error and thus could not serve to extend the time for filing a notice of appeal.[3] It then held that the time for filing the notice began on January 15 when petitioner was sentenced, and expired when on January 25 the clerk had not received the notice. 306 F. 2d 697. We granted certiorari, 374 U. S. 826, to consider whether the restrictive reading of the Rules by the court below was justified under the circumstances of this case. We have concluded that it was not, and accordingly remand

---

[3] Rule 37 (a) (2) provides that if a motion for new trial is made within the 10 days during which an appeal must be taken, the appeal from the judgment of conviction may be taken within 10 days from the denial of the motion.

the case for a disposition of petitioner's appeal on the merits.

Rule 37 (a) provides that "[a]n appeal by a defendant may be taken within 10 days after entry of the judgment or order appealed from . . ." and that an appeal is taken "by filing with the clerk of the district court a notice of appeal . . . ." The Court of Appeals has read this to mean that, irrespective of the reason for the delay, the notice of appeal must actually be in the hands of the clerk on or before the 10th day. Since the timely filing of a notice of appeal is a jurisdictional prerequisite to the hearing of the appeal, the court thus felt powerless to do anything but to dismiss.

Overlooked, in our view, was the fact that the Rules are not, and were not intended to be, a rigid code to have an inflexible meaning irrespective of the circumstances. Rule 2 begins with the admonition that "[t]hese rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." That the Rules were not approached with sympathy for their purpose is apparent when the circumstances of this case are examined.

In the first place, in spite of the promise of the Rule,[4] petitioner was forced to take his appeal without the assistance of counsel. He was whisked away from the place of trial (Jacksonville, Florida) on the day after he was sentenced, and, as he tells it without contradiction in the

---

[4] Rule 37 (a) (2) provides that "[w]hen a court after trial imposes sentence upon a defendant not *represented* by counsel, the defendant shall be advised of his right to appeal and if he so requests, the clerk shall prepare and file forthwith a notice of appeal on behalf of the defendant." (Emphasis added.) Although counsel was physically present at sentencing, it is an open question whether petitioner was "represented" by counsel within the meaning and purpose of the Rule.

record, not permitted to have visitors, nor afforded the opportunity to secure another attorney. In addition to his normal physical problems, he was ill,[5] and was thus confined in a hospital both in Jacksonville and in Atlanta.

It was not until January 23, as he tells it, again without contradiction in the record, that he felt well enough to write. Acting without advice as to the requirements of time, except that which he could acquire from other inmates, he then wrote two letters asking for a new trial and for the appeal which the trial judge promised that "the Government provides." These letters were promptly mailed on January 23, for all the record shows, and by coincidence, no doubt, would thus in the normal course of events have been received by the clerk within the 10 days.[6]

That they were not received within 10 days, however, is perhaps explained by the Government's disclosure at oral argument that mail pickups at Atlanta at that time occurred only twice a week, on Tuesdays and Fridays. Thus, if petitioner deposited the letters with prison authorities after the hour of pickup on January 23, a Tuesday—and there is nothing in the record to show that anyone took the trouble to tell him about such mailing delays—his letters would not have been placed in the mail by prison authorities until Friday. They thus probably would not have been received by the clerk's office until Monday the 29th, the day on which they were actually marked received by the clerk.

But whether or not this in fact occurred, there is no reason on the basis of what this record discloses to doubt that petitioner's date at the top of the letter was an accurate one and that subsequent delays were not charge-

---

[5] See note 2, *supra*.

[6] January 23 was the eighth day after sentencing, and the parties are agreed that a letter mailed on the 23d in Atlanta would normally be received in Jacksonville by the 25th.

able to him. Cf. *Rosenbloom* v. *United States*, 355 U. S. 80. There is no postmark on the envelope, nor any indication of the time at which the envelope came into the hands of prison officials. Other letters also mailed by petitioner from the prison took an equally long time to get to their destination. And although the Government had the opportunity, it introduced no evidence—and admitted on oral argument that it had none—to dispute the record facts that petitioner had done all that could reasonably be expected to get the letter to its destination within the required 10 days. Since petitioner did all he could under the circumstances, we decline to read the Rules so rigidly as to bar a determination of his appeal on the merits.

The judgment of the Court of Appeals is reversed, and the case remanded for a prompt disposition of the appeal on the merits.

*It is so ordered.*

Mr. Justice Stewart, whom Mr. Justice Clark, Mr. Justice Harlan and Mr. Justice Brennan join, concurring.

I think that for purposes of Rule 37 (a)(2), a defendant incarcerated in a federal prison and acting without the aid of counsel files his notice of appeal in time, if, within the 10-day period provided by the Rule, he delivers such notice to the prison authorities for forwarding to the clerk of the District Court. In other words, in such a case the jailer is in effect the clerk of the District Court within the meaning of Rule 37. If all we had to go on in this case was the date the petitioner wrote at the top of his letter, I think we should remand the case for resolution of the factual question as to when the letter was actually delivered to the prison authorities for mailing. But government counsel expressly conceded during oral argument that the petitioner in fact entrusted his notice of appeal

to the prison authorities within the 10-day period. Moreover, we were advised by counsel that procedures have now been inaugurated at the federal prisons to make certain that the exact time of receipt will be marked on all papers that are filed with the authorities for mailing. For these reasons I concur in the judgment of the Court, remanding the case for a prompt disposition of the appeal on the merits.