**UNITED STATES of America,**
**Appellee,**

v.

**Robert STATLER, Defendant-Appellant.**

**Docket 29356.**

United States Court of Appeals
Second Circuit.

Motion Submitted March 1, 1965.

Decided March 18, 1965.

Neil Peck, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., Southern District of New York, New York City), for appellee.

Leon B. Polsky, Legal Aid Society, New York City, for defendant-appellant.

Before LUMBARD, Chief Judge, and WATERMAN and HAYS, Circuit Judges.

## PER CURIAM.

Robert Statler was sentenced to three years' imprisonment on November 13, 1964, for violation of 18 U.S.C. §§ 371 and 2315, after a trial before Judge Murphy in the Southern District of New York. On January 8, 1965 this court granted the government's motion to dismiss Statler's appeal, as Statler had filed his notice of appeal on December 3, 1964, after the expiration of the ten-day period for filing a notice of appeal specified in Rule 37(a) (2) of the Federal Rules of Criminal Procedure. Thereafter, on January 14, 1965 Statler, this time represented by Legal Aid counsel (as he has been through the remainder of these proceedings), moved for a rehearing on the motion and submitted his affidavit that he had attempted to file his appeal, that after his sentencing his attorney informed him that he would no longer represent him, that when he personally appeared at the office of the clerk of the Southern District of New York within the ten-day period he was informed that because he was represented by counsel he could not personally file a notice of appeal, and that a subsequent similar effort also met with failure. He argued that his filing past the ten-day period should be deemed timely as he was prevented by the clerk from filing within the ten days. The government contended that Statler had made no effort to file his notice of appeal during the time permitted.

Because there existed a factual dispute as to what, if anything, Statler had done to file his appeal, we referred the matter to the Southern District court to take testimony, and find the facts and report. On January 27, 1965 Judge Murphy held a hearing at which Statler, his former attorney, and members of the staff of the office of the clerk of the district court testified. Judge Murphy concluded that Statler's testimony was "incredible and unworthy of belief" and he found that Statler "did not appear at the Clerk's Office on November 23, 1964, or on any date prior thereto in an attempt to file a notice of appeal."

We think that the record amply supports the conclusions reached by Judge Murphy. Accordingly we grant the government's motion to dismiss the appeal.

WATERMAN, Circuit Judge (concurring).

I concur. The December 3 notice is out of time, for we are bound by United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960) and United States v. Berman, 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012 (1964).

In view of the uncompromising rigidity of interpretation that was given to Rule 37(a) (2) in Berman, we did all that we had power to do when we requested the district court to find whether Statler, having no courthouse representation by professional counsel during the crucial ten days, made any bona fide attempt at the courthouse to file his own notice of appeal during that time.

I point out, as did Justice Black in his dissent for the minority of the Court in Berman, 378 U.S. at 537, 84 S.Ct. 1899, that after sentence a represented would-be appellant is worse off than an unrepresented one, cf. Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964). Here, Statler, though on the court records represented by counsel, in fact had no courthouse representation, and was worse off than either a represented or unrepresented would-be appellant. The lawyer who represented him at trial in the district court informed Statler after sentence that he would not file the notice of appeal, but the docket appearance had not been formally withdrawn after sentence nor had the district court been otherwise notified that counsel of record was terminating whatever professional responsibility he may have owed to his convicted client after sentence.

After he had sentenced Statler, Judge Murphy granted bail "pending appeal" and it would seem clear that if the sentencing judge had then known that trial counsel was not going to file a notice of appeal for his erstwhile client the judge would have himself, pursuant to Rule 37(a) (2), advised Statler as " * * a defendant not represented by counsel * * *."