UNITED STATES of America,
Appellee,

v.

Albert Joseph CREIGHTON, Appellant.

No. 15624.

United States Court of Appeals
Third Circuit.

Argued March 10, 1966.

Decided April 5, 1966.

Rehearing Denied May 12, 1966.

Jay Meyers, Philadelphia, Pa., for appellant.

Robert St. Leger Goggin, Asst. U. S. Atty., Philadelphia, Pa., Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., for appellee.

Before SMITH and FREEDMAN, Circuit Judges, and MILLER, District Judge.

PER CURIAM.

The appellant, represented by assigned counsel, was tried and convicted on an indictment charging him with violations of § 659 of Title 18 U.S.C.A., theft of goods from an interstate shipment and possession of such goods knowing the same to have been stolen. On April 9, 1965, he was sentenced to a term of imprisonment of three years. Thereafter, on May 14, 1965, the court below sua sponte, and in the absence of the appellant, reduced the sentence. A letter addressed to the judge on May 23, 1965, was treated by him as a motion for a new trial and a motion to enlarge the time for appeal. These motions were properly denied but the court upon further reflection entered an order enlarging the time for appeal and directing that the letter be filed as notice.

The appellee challenges the jurisdiction of this Court to entertain the appeal on the ground that the notice required by rule 37(a) (1) of Fed.Rules Cr.Proc., 18 U.S.C.A., was not filed within the time specified by subdivision (2) of said rule. We are of the opinion that under the circumstances of this case we are bound by United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960), in which it was held that a notice of appeal filed after the expiration of the time specified by rule 37(a) (2), supra, does not confer jurisdiction on the appellate court to entertain the appeal. See also Berman v. United States, 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012 (1964). The case of Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760, decided on the same day as the *Berman* case, is distinguishable on

its facts and is clearly inapposite. There was clearly no authority in the court below to enlarge the time for appeal.

Notwithstanding our lack of jurisdiction, we have reviewed the record and find no merit to the several contentions advanced on behalf of the appellant.

This appeal will be dismissed.