David LAWRENCE, Plaintiff-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Defendant-Appellee.

No. 26767 (formerly Misc. No. 1050).

United States Court of Appeals
Fifth Circuit.

Nov. 29, 1968.

David Lawrence, pro se.

Earl Faircloth, Atty. Gen., Miami, Fla., for defendant-appellee.

## ON MOTION FOR REHEARING OF ORDER DISMISSING APPEAL

Before COLEMAN, GOLDBERG, and GODBOLD, Circuit Judges.

PER CURIAM:

The petitioner seeks a rehearing of the order of this court dismissing his appeal as not timely filed. We ordered dismissal after it was made known to the court that notice of appeal was not filed until more than 60 days after denial by the district court of writ of habeas corpus.

Documents now are presented to us which tend to show that petitioner was represented in the habeas court by a public defender, who was notified of the denial of the writ within thirty days after the order of denial was entered but did not notify petitioner of the denial until after the thirty days had expired.

We draw no conclusions of fact or of law on the partial and fragmentary record now before us, but on such a record and with the petitioner appearing pro se we are unwilling to dismiss the appeal under these circumstances, Cf. Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964), or to determine if there was ineffectiveness of counsel and if there was whether petitioner was thereby entitled to an out-of-time appeal.

The order dismissing the appeal is vacated. The previous order of the court denying court-appointed counsel is vacated and petitioner is granted court-appointed counsel. The motion to dismiss the appeal is carried with the case for disposition at the time the case is submitted on the merits.