**UNITED STATES of America**

v.

**Joseph Hobert AKERS, Sr., Appellant.**

**No. 17254.**

United States Court of Appeals
Third Circuit.

Argued Jan. 10, 1969.

Decided March 17, 1969.

---

\* FRANCIS C. WHELAN, United States District Judge, Central District of California, sitting
by designation.

————◆————

Thomas A. Livingston, Livingston, Miller & Haywood, Pittsburgh, Pa., for appellant.

W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa., Gustave Diamond, U. S. Atty., Pittsburgh, Pa., for appellee.

Before BIGGS, FORMAN and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

A verdict of guilty was rendered against Akers on September 25, 1967. He was sentenced to be imprisoned for six years on November 8, 1967 and the judgment of commitment was filed on the same day. A notice of appeal was filed by Akers on November 20, 1967, clearly out of time, but on the same day the court below granted him leave to prosecute an appeal *in forma pauperis*. On November 22, the court below treated "divers [written] communications" from Akers complaining about the length of his sentence as the equivalent of a "motion" for reduction of sentence. The motion was denied on that day. Akers contends that the motion should have been granted and so argued to this court. But no appeal was taken from the order denying the motion.

The appeal will be dismissed. The appeal from the judgment of commitment, as we have stated, was filed out of time and no appeal was taken from the order denying the motion for reduction of sentence. See Section 1291, 28 U.S.C. We are therefore without jurisdiction to determine the merits of Akers' motion to reduce his sentence.[1]

The court is grateful to Akers' counsel, appointed by this court, for his services on his client's behalf.

1. Ordinarily the late filing of a notice of appeal bars appellate jurisdiction. Rule 4(b), Fed.R.App.Proc., 28 U.S.C., Fitzsimmons v. Yeager, 391 F.2d 849 (3 Cir. 1968). There are two letters, however, in the file addressed by defendant Akers to Judge Dumbauld which under a very liberal construction of Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964), might conceivably be construed as a notice of appeal from the denial of the motion to reduce sentence. For the purposes of this footnote, we will assume *arguendo* that the letters constitute notices of appeal. They are in fact timely.

It will be remembered that a formal notice of appeal was filed November 20, 1967. There is no suggestion by the defendant that he relies upon the letters as notice of appeal, but nonetheless, treating these letters as a timely appeal we have examined the record carefully and find Akers' conviction to be fully supported by the record. We perceive no error therein.