**UNITED STATES of America,**
**Appellee,**

v.

**Willie James SURGEON, Appellant.**

**No. 19676.**

United States Court of Appeals,
Eighth Circuit.

Feb. 5, 1970.

Willie James Surgeon, pro se.

Daniel Bartlett, Jr., U. S. Atty., and William C. Martin, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before BLACKMUN, MEHAFFY and LAY, Circuit Judges.

BLACKMUN, Circuit Judge.

Willie James Surgeon, an inmate of the federal penitentiary at Leavenworth, appeals from the district court's denial of his motion under Rule 35, Fed.R.Crim.P., for correction of sentences. Surgeon sought to take his appeal in forma pauperis but permission for this was denied by the district court, by appropriate written certificate, as untimely and as frivolous, lacking in merit, and not taken in good faith within the meaning of 28 U.S.C. § 1915(a). This court thereafter denied in forma pauperis relief on the ground of legal frivolity. Surgeon then obtained funds, paid the docket fee, and perfected his appeal.

On January 15, 1968, Surgeon, with appointed counsel, entered a plea of guilty to both counts of a two-count indictment charging him with separate violations, with the use of a sawed-off shotgun, of the bank robbery statute, 18 U.S.C. § 2113(a) and (d). The district court's acceptance of that plea is not challenged in the present proceeding.

Sentences were imposed by Judge Regan on February 2 in accord with the provisions of 18 U.S.C. § 4208(b) and (c), that is, the maximum of 25 years' imprisonment and a $10,000 fine was levied as to each count, with the prison terms to run concurrently and with Surgeon committed for study. He was assigned to the United States Medical Center at Springfield.

On June 6, 1968, with the study completed and the recommendations received by the court, Surgeon appeared before Judge Regan for modification of sentence. The court reduced the sentences, theretofore imposed, to 15 years on each of the two counts, to run concurrently, and, under the provisions of 18 U.S.C. § 4208(a) (1), with "the defendant to become eligible for parole after he has served a minimum period of Five (5) Years". The fines totaling $20,000 were remitted.

On August 22, 1968, Surgeon filed a motion with the trial court that his sentences be altered or changed and that they be imposed, instead, either under § 4208(a) (2), so that he would be eligible for parole at such time as the board of parole may determine, or under § 4208 (a) (1) but with the minimum term reduced to "anywhere from two (2) to three (3) years". Judge Regan denied this motion on August 23.

On September 6 Surgeon filed his present Rule 35 motion to correct his sentences. This was denied by the district court on September 10. Surgeon's notice of appeal was presented to the clerk of the United States District Court only on December 20, 1968.

 On his appeal Surgeon asserts confusion in the imposition of his sentences. He places emphasis on the district court's oral comments at the modification hearing of June 6, 1968. At that time the court said, as to the first count,

"this sentence is to be served under the provisions of Section 4208(a) (1), and you will be eligible for probation [sic] after five years."

As to the second count, the court said,

"this sentence, however, is to be served, as is the sentence in Count I, under the provisions of Section 4208 (a) (1), Title 18, United States Code, and there is a minimum time of five years imposed, as required by that section."

The court then continued:

"Now, Willie, I am, in effect, giving you the opportunity of getting out when you behave yourself and when you conduct yourself in an institution in such a manner as they think, you ought to be released, and so the keys to the penitentiary are going to be in your pocket. You can get out when you work and cooperate with them.

"I realize that even though you have got a substantial criminal record, you have a rather substantial work record on top of it. So that's why I am sentencing you the way I have, so that you can get out and return to your family and work and be a useful citizen."

From this, it is argued that the court must have intended to impose sentences under § 4208(a) (2) and not under § 4208(a) (1) and that, therefore, there is an inconsistency between the court's oral comments and the formal judgment.

What Surgeon obviously wants is parole eligibility before the expiration of the first five years of his 15-year concurrent sentences.

Surgeon would read too much into Judge Regan's remarks. The intent of the district court to impose sentences under § 4208(a) (1) and the actual imposition of sentences under that section are clear from both the court's oral remarks and the formal judgment and commitment. This is apparent to the careful reader and should not be subject to any contrary interpretation whatsoever. Surgeon misinterprets and twists the court's kindly and paternal remarks that the defendant's future was largely in his own hands and dependent upon his own behavior and that "the keys to the penitentiary are going to be in your pocket" and that "You can get out when you work and cooperate with them." What the court was emphasizing was the obvious, namely, that parole depends upon the defendant's behavior and cooperative attitude and does not automatically come about with the passage of time. The court by its remarks was trying to be helpful and instructive. It cast no cloud upon its precise imposition of sentences

under § 4208(a) (1). There is no ambiguity. Surgeon's argument to the contrary is legally frivolous.

We might add there is a serious question, too, whether Surgeon's attempted appeal was timely and whether we have appellate jurisdiction at all. Rule 4(b), Federal Rules of Appellate Procedure, effective July 1, 1968, replaced Rule 37(a) (2), Fed.R.Crim.P., without change of substance. Rule 4(b) and Rule 37(a) (2), after its amendment in February 1966, both provide for 30 days additional time in which to appeal "[u]pon a showing of excusable neglect". We recognize that in Fallen v. United States, 378 U.S. 139, 142, 84 S.Ct. 1689, 1691, 12 L.Ed.2d 760 (1964), the Supreme Court observed that the rules are not "a rigid code to have an inflexible meaning irrespective of the circumstances". Nevertheless, apart from this, a timely notice of appeal is jurisdictional. Coppedge v. United States, 369 U.S. 438, 442, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); Berman v. United States, 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012 (1964); Howard v. United States, 396 F.2d 867, 868 (8 Cir. 1968), cert. denied, 393 U.S. 1058, 89 S.Ct. 700, 21 L.Ed.2d 700.

Here Surgeon's motion was denied by the court on September 10, 1968. The notice of appeal was presented only on December 20, 1968. Thus even the 30 days additional time possibly available under Rule 4(b) had expired. Surgeon's claim of timeliness rests upon his letter dated November 26, 1968, to the district court making inquiry about the disposition of his motion of September 6 and thus inferentially professing ignorance of the court's denial of that motion on September 10. The file, however, reveals that a copy of the denial order of September 10 was mailed to Surgeon at Leavenworth on the date of its entry. Surgeon's letter of November 26 falls far short of meeting the *Fallen* standards. In any event, as outlined above, we hold that the issue Surgeon raises on his appeal is legally frivolous.

Affirmed.