**Martha S. FREEMAN, Plaintiff,**

v.

**Elizabeth DOLE, et al., Defendants.**

**Civ. A. No. 76–1587.**

United States District Court,
District of Columbia.

Oct. 2, 1984.

Robert Seldon, Asst. U.S. Atty., Washington, D.C., for defendants.

June Kalijarve, Washington, D.C., for plaintiff.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., Chief Judge.

Before the Court is Defendant's Motion for Leave to File a Notice of Appeal, time having otherwise expired. Defendant seeks to appeal from this Court's Order directing it to pay $23,961.57 in attorney fees and expenses incurred by Plaintiff in advancing her successful claim of sex discrimination. For the reasons discussed below, Defendant's Motion is denied.

The time in which one may appeal as of right from a district court order in a civil case is governed by Fed.R.App.P. 4. This rule provides in part that "the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry." Fed.R.App.P. 4(a). The date of entry of the order directing defendant to pay the attorney fees was May 24, 1984. Because the Department of Transportation is the defendant in this action, it could have appealed as of right prior to July 24, 1984.

Defendant did not note an appeal within the required time. Defendant now seeks to file out of time on the ground that its failure to file was due to "excusable neglect." See Fed.R.App.P. 4(a)(5) (leave to file after the time for an appeal has run is discretionary in the district court "upon a showing of excusable neglect or good cause...."). Defendant explains that the notice of appeal was "apparently inadvertently misplaced during its administrative handling...." Defendant's Motion for Leave to File at 2.

Excusable neglect exists where the moving party attempts timely delivery of the notice of appeal, but intervention of an unpredictable event delays receipt of the notice. *Fallen v. United States*, 378 U.S. 139, 143, 84 S.Ct. 1689, 1692, 12 L.Ed.2d 760 (1964) (pro se prisoner who could not have known of infrequent mail pick up at prison was permitted to file late); *Marshall v. Hope Garcia Lancarte*, 632 F.2d 1196, 1197 (5th Cir.1980) (excusable neglect existed where notice of appeal was originally filed on time, but erroneous filing of the docket number of another, similar, case caused the delay); *Airline Pilots in the Service of Executive Airlines, Inc., Counsel Number 2, Union of Professional Airmen v. Executive Airlines, Inc.*, 569 F.2d 1174–75 (1st Cir.1978) (secretary mistakenly informed attorney that the filing deadline was ten days later than the actual deadline; held, "[a] mistake made by an attorney or his staff is not, except in unusual or extraordinary circumstances not present here, such excusable neglect as to invoke the rule"); *Marshall v. Truland Corporation*, 24 Fed.R.Serv.2d (Callaghan) 1443, 1444 (4th Cir.1978) (Solicitor of Labor mailed notice of appeal to United States Attorney in a timely fashion but, due to mistaken rerouting, United States Attorney did not receive the notice in time to meet the deadline; held, excusable neglect existed because "[t]he responsible government officials had acted in a timely manner, but through no fault of theirs, the papers were inadvertently misdirected"); *Craig v. Garrison*, 549 F.2d 306, 307 (4th Cir.1977), *cert. denied, sub nom. Shah v. Hutto*, — U.S. —, 104 S.Ct. 2354, 80 L.Ed.2d 827 (1984) (pro se prisoner held to lower standard of care in adhering to Fed.R.App.P. 4 than would be an attorney); *Spound v. Mohasco*

*Industries, Inc.,* 534 F.2d 404, 411 (1st Cir.1976), *cert. denied,* 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976) (excusable neglect exists only under unique or extraordinary circumstances; "[i]f this includes a mere palpable mistake by experienced counsel, the requirement would be meaningless"); *Doctor v. Seaboard Coast Line Railroad Company,* 540 F.2d 699, 704 (4th Cir.1976) (excusable neglect exists only in the "extraordinary" case where injustice would otherwise result); *Pasquale v. Finch,* 418 F.2d 627, 629–30 (1st Cir.1969) (no excusable neglect found where notice of appeal was mistakenly mislaid and not filed on time); *Maryland Casualty Company v. Conner,* 382 F.2d 13 (10th Cir. 1967) (unexpected delay in delivery of mail would constitute excusable neglect, but not a delay due to the death of principal attorney).

The facts in *Pasquale v. Finch,* 418 F.2d 627 (1st Cir.1969), are particularly analogous to this case. In *Pasquale,* the district court's final judgment was entered on March 11, 1969. The government did not appeal by the May 12, 1969 deadline. The excuse given was that the notification of the March 11 judgment "was mislaid due to a mistake in the handling of the mail after it was received by the Justice Department." 418 F.2d at 630. In *Pasquale,* as in the present case, the neglect was a result of internal error, not an unpredictable event.

Defendant attempts to distinguish *Pasquale* because in that case the government's error was undisputed. In this case, the government surmises that the notice may have been lost at the courthouse. Were this the case, the facts more readily would lend themselves to a finding of excusable neglect. *See Fallen v. United States,* 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964); *Marshall v. Truland Corporation,* 24 Fed.R.Serv.2d (Callaghan) 1443 (4th Cir.1978); *Craig v. Garrison,* 549 F.2d 306 (4th Cir.1977), *cert. denied sub nom. Shah v. Hutto,* —— U.S. ——, 104 S.Ct. 2354, 80 L.Ed.2d 827 (1984); *Maryland Casualty Company v. Conner,* 382

F.2d 13 (10th Cir.1967). However, defendant should have been alerted that the notice of appeal was not filed when it did not receive a copy of the notice from the clerk of the court.

Moreover, defendant's narration of the facts belies its assertion of "diligence on counsel's part. . . ." Defendant's Motion for Leave to File at 2. Defendant admits it became aware no notice of appeal had been filed by August 2, 1984, yet defendant's motion for leave to file, along with the late notice of appeal, was not filed until August 7, 1984. This delay was required by the necessity that counsel "confirm that he had been authorized to file a notice of appeal. . . ." Defendant's Reply to Plaintiff's Opposition to Motion for Leave to File at 2. Once counsel filed the notice of appeal prior to the July 24, 1984 deadline, there was no need to spend five days confirming that he had been authorized so to file. This further delay was without justification.

Because defendant's explanation does not meet the standard of "excusable neglect," and because of the additional delay involved, Defendant's Motion for Leave to File an Appeal is denied.