961 F.2d 1576
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darnell Lynn BROWN, Plaintiff-Appellant,
v.
RIVERSIDE CORRECTIONAL FACIL.; Joan Greenwood; M.
Spangler; R. Embry; R. Palmer; Lt. Miller;
Sgt. Culp; S. Lundstrom, Defendants-Appellees.
 No. 90-1097.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1992.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and COHN, District Court Judge.*
 PER CURIAM.
 
 
 1
 Darnell Lynn Brown (Brown) appealed the district court's grant of summary judgment to the appellees-defendants prison and prison authorities. Brown filed his pro se 42 U.S.C. section 1983 action against the appellees wherein he alleged that they had violated his civil rights by beating him and requested damages for the asserted excessive use of force. The appellees moved for summary judgment on November 15, 1988 and submitted affidavits in support of their motion. On November 9, 1989, after Brown failed to respond to the motion, the district court entered judgment in favor of the appellees and dismissed the complaint. Brown filed his notice of appeal on January 11, 1990.
 
 
 2
 The relevant time sequence of this litigation discloses that on December 1, 1989, the district court mailed a copy of its opinion and judgment to Brown. These documents were in the possession of the prison authorities by December 8, 1989. Brown acknowledged their receipt on December 14, 1989.
 
 
 3
 On January 6, 1990, Brown delivered his notice of appeal to the prison authorities for mailing. The notice of appeal was received by the district court on January 11, 1990. On February 7, 1990, this court ordered Brown to show cause why the appeal should not be dismissed for lack of jurisdiction. He explained, pro se, the reason for the delay and requested counsel. A panel of this court granted the motion for appointment of counsel, vacated the show cause order, and directed appointed counsel to address, inter alia, the timeliness of the notice of appeal.
 
 
 4
 Appointed counsel briefed and argued that the notice of appeal was timely filed because all delays in its filing were attributable to the court and the prison authorities and not to Brown.
 
 
 5
 Fed.R.App.P. 4(a)(1) provides that the notice of appeal "shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from." Upon motion made within thirty days after the expiration of the time limit, the district court may extend the time for filing if a showing of excusable neglect or good cause is made. Fed.R.App.P. 4(a)(5).
 
 
 6
 Under Houston v. Lack, 108 S.Ct. 2379 (1988), this court may exclude any delay in filing a notice of appeal that is attributable to the failure of the prison authorities to forward the notice to the appropriate district court. In Houston, the prisoner deposited his notice of appeal from the denial of his habeas corpus petition with the prison authorities three days before the end of the thirty-day period. He requested that the notice be airmailed. The prison authority was unable to verify the date upon which it mailed the notice to the district court. The district court received it thirty-one days after the judgment had been entered. Houston, 108 S.Ct. at 2381.
 
 
 7
 The Houston Court concluded that the notice of appeal was effectively filed when the inmate delivered the notice to the prison authorities, reasoning that the pro se inmate was required to rely upon the prison authorities to mail the notice of appeal. The inmate cannot control these authorities, who have every incentive to delay mailing the notice to the court. Houston, 108 S.Ct. at 2382-83. The Houston Court also relied upon Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689 (1964), which concluded that a pro se inmate's notice of appeal was timely filed if it was deposited with the prison authorities for mailing to the district court within the applicable time limit: "[I]n such a case the jailor is in effect the clerk of the District Court." Fallen, 378 U.S. at 144, 84 S.Ct. at 1692-93.
 
 
 8
 Moreover, the Third Circuit has also concluded that any delay in filing the notice of appeal that was attributable to the failure of the prison authorities to deliver the notice of entry of judgment to the inmate was excludable and tolled the time for filing of the notice of appeal. In United States v. Grana, 864 F.2d 312 (3rd Cir.1989), because of the prison authorities' delay, the inmate did not receive judgment entry notice until seven days after the expiration date for filing the notice of appeal. The Third Circuit, noting that the situation was "too similar to be meaningfully distinguished from Houston," decided that any prison delay in transmitting the notice of the district court judgment would be excluded from the computation of the timeliness of the notice of appeal. Grana, 864 F.2d at 315-16. Other courts have applied the Houston analysis to similar types of pro se prisoner filings. See, e.g., Ortiz v. Cornetta, 867 F.2d 146 (2d Cir.1989) (delay attributable to fact that clerk returned complaint to prisoner excludable); Dunn v. White, 880 F.2d 1188 (10th Cir.1989), cert. denied, 110 S.Ct. 871 (1990) (objections to magistrate's report filed beyond ten-day limit; held timely because mailed from prison in timely fashion).
 
 
 9
 However, even adopting Grana's application of the Supreme Court's reasoning in Houston, the facts of this case preclude salvaging the notice of appeal. Judgment was entered on November 9, 1989. Under Fed.R.App.P. 4(a), the notice of appeal was due on December 11, 1989 (the thirtieth day was Saturday, December 9, 1989). The district court had mailed the notice of entry of judgment on December 1, 1989. The Michigan Training Unit, where Darnell resided, had received the notice of judgment on December 8, 1989. There was no indication that the prison authorities received the letter any earlier than December 8, 1989. Thus, by the time the prison authorities received the notice of entry of judgment, only three days remained within which Brown could file a timely notice of appeal.
 
 
 10
 On December 9, 1989, before the prison authorities delivered the judgment to Brown, he was transferred to the Michigan Reformatory. The documents were immediately forwarded and he received them on December 14, 1989. Brown filed his notice of appeal by delivering it to the prison authorities for mailing on January 6, 1990. Excluding the delay attributable to the prison authorities, a total of six days, Brown's notice of appeal was filed twenty days after the thirty-day filing period had expired on December 11, 1989. Brown did, however, at the time he delivered his notice of appeal to the prison authorities, have four days, until January 10, 1990, during which he could have requested an extension of time within which to file the notice of appeal pursuant to Fed.R.App.P. 4(a)(5), which he failed to do.
 
 
 11
 Clearly, the most significant period of delay in the instant case was attributable to the clerk of the district court's failure to timely mail the notice of judgment entry to Brown. However, pursuant to Fed.R.Civ.P. 77(d), lack of or late notice of a judicial disposition has no effect on the timeliness of the notice of appeal except as permitted by Fed.R.App.P. 4(a). See, e.g., Smith v. Evans, 853 F.2d 155, 161-62 (3rd Cir.1988) (motion untimely before delivered to prison; notice of judgment may have been delayed between Virgin Islands and Lewisburg; no jurisdiction). Neither Houston nor Fallen relieved inmates of the absolute responsibility for monitoring their cases, nor do those cases suggest that an inmate may ignore the absolute mandate of a Rule 4(a)(5) motion for an extension of time within which to file a notice of appeal.
 
 
 12
 This court notes that the drafters of the Federal Rules of Appellate Procedure have amended Rule 4 effective December 1, 1991. Under the amendment, a district court, upon finding that a party did not receive notice of the entry of judgment within 21 days of the entry, and upon a motion made 180 days after judgment or within 7 days of receipt of such notice, whichever is earlier, may "reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal." Fed.R.App.P. 4(a)(6) (effective Dec. 1, 1991). Even if this relaxed amendment were applicable, and even if the court could treat Brown's notice of appeal as a constructive motion to reopen the appeal period, the notice of appeal would still be fatally defective in as much as it was not mailed to the clerk of the district court within seven days after receipt of the notice of entry of judgment.
 
 
 13
 Because the filing requirement of Fed.R.App.P. 4(a) is jurisdictional, noncompliance bars the appeal, regardless of the equities of the case. See Torres v. Oakland Scavanger Co., 108 S.Ct. 2405, 2409 (1988) (jurisdictional legislation must be observed even if "harsh result" obtained). See also Shendock v. Director, Office of Workers' Compensation Program, 893 F.2d 1458, 1466 (3d Cir.), cert. denied, 111 S.Ct. 81 (1990).
 
 
 14
 Excluding all delay attributable to the prison authorities, the notice of appeal was not filed within the requisite thirty-day period. Since the timely filing of a notice of appeal is mandatory and jurisdictional, this appeal is DISMISSED for lack of jurisdiction.
 
 
 15
 COHN, District Judge, dissenting.
 
 
 16
 The majority's decision elevates form over substance. Darnell Lynn Brown has waited three years to find out that, because of a technicality, there will never be a ruling on the merits of his claim that he was beaten by prison guards.
 
 
 17
 The majority notes that "the most significant period of delay in the instant case was attributable to the district court's failure to timely mail the notice of judgment entry to Brown." Yet, despite this acknowledged malfunction, the majority says we are powerless to correct the error.
 
 
 18
 It is well established that pro se complaints are held to less stringent standards than pleadings drafted by lawyers. See, e.g., Dunn v. White, 880 F.2d 1188, 1190 (10th Cir.1989). It is equally well established that the time within which to file a notice of appeal may not be extended absent a motion for extension of time pursuant to Rule 4(a)(5). See Fed.R.App.P. 26(b). However, nothing in the majority's opinion explains why Brown's notice of appeal should not have been treated as a Rule 4(a)(5) motion. Such a motion would have been timely and, if granted, would have allowed for a decision on the merits. That Brown failed to file such a motion in conventional form can be attributed to his status as a pro se prisoner obviously unskilled in law. Had Brown known that a Rule 4(a)(5) motion was required, as a competent attorney would have known, he certainly would have filed it.
 
 
 19
 A rigid application of the rules resulting in the dismissal of Brown's appeal complies only with the letter, but not the spirit, of Fallen v. United States, 378 U.S. 139 (1964), and Houston v. Lack, 487 U.S. 266 (1988). In Fallen, the Supreme Court stated that Rule 37(a) of the Federal Rules of Criminal Procedure (the predecessor of Fed.R.App.P. 4(a)) was not intended to be rigidly applied "irrespective of the circumstances." 378 U.S. at 142. Rigidly applying the rule, Brown's notice of appeal would have been timely only if filed by December 17, 1989--a full three days after he received a copy of the notice of judgment. This is not the kind of result envisioned by the Supreme Court when it noted that "[t]he situation of prisoners seeking to appeal without the aid of counsel is unique." Houston, 487 U.S. at 270. While Houston did not relieve a prisoner of the responsibility for monitoring his or her case, it did point out that "prisoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal." Id. Nor can a prisoner take the steps other litigants can take to monitor the dates on which judgments are entered in a case. Thus, under Fallen and Houston, we are encouraged, if not obliged, to acknowledge the special circumstances of a pro se prisoner and interpret the rules flexibly. Here, where the district court was so clearly responsible for Brown's delayed notice of appeal, Brown's motion, fairly considered, should be treated as a motion for extension of time under Rule 4(a)(5) and granted.
 
 
 
 *
 Honorable Avern Cohn, United States District Court Judge for the Eastern District of Michigan, sitting by designation