**NATIONSBANK, N.A., Plaintiff,**

v.

**Jacqueline PLECAS, Defendant.**

**Civ. A. No. 94–2076 (JR).**

United States District Court, District of Columbia.

Oct. 24, 1995.

Daniel Mark Litt, Dickstein, Shapiro & Morin, Washington, DC, for Plaintiff.

Jacqueline Plecas, William M. Kunstler, New York City, Defendant pro se.

### ORDER

ROBERTSON, District Judge.

Before me is defendant's *pro se* motion made pursuant to F.R.App.P. 4(a)(5), seeking an order directing that her notice of appeal be deemed timely filed as of June 12, 1995. Plaintiff opposes the motion, and defendant has filed a "reply affirmation."

An order granting summary judgment for plaintiff was entered on May 22, 1995. Defendant's time within which to file her notice of appeal expired 30 days thereafter, on June 21, 1995. On or about June 12, 1995, a notice of appeal signed by William Kunstler was "forwarded" to the Clerk of this Court. The Clerk returned this notice unfiled, because Mr. Kunstler, who was a lawyer not admitted to practice before this Court, had failed to comply with Local Rule 104(c). (This was not Mr. Kunstler's first encounter with Local Rule 104(c). On October 26, 1994, he attempted, in this same case, to file a motion to dismiss plaintiff's complaint. That motion was returned for the same reason the notice of appeal was returned—failure to comply with Local Rule 104(c)—and the ensuing procedural tangle culminated in an order filed March 14, 1995, that made express reference to Local Rule 104(c) and admonished counsel to read and thereafter to follow the applicable local rules. Mr. Kunstler, who is now deceased, either failed to read Local Rule 104(c), or, having read it, ignored it.)

Mr. Kunstler apparently received the Clerk's return of his notice of appeal by return mail, for his statement recites that "upon receiving notice of the Clerk's rejection of the notice of appeal ... defendant Jacqueline Plecas, running out of time, mailed three copies of a *pro se* notice of appeal, with a covering letter from me, dated June 21, 1995." That notice, whenever it was mailed, was not *filed* until June 26, 1995, five days too late.

Defendant makes no factual proffer about the untimely filing of her notice of appeal that could possibly fit either of Rule 4(a)(5)'s two alternative criteria, excusable neglect or good cause. She excoriates the Clerk for "usurping a judicial function" by returning her first notice but does not account for the fact that Local Rule 104(c) was invoked by the Clerk's office twice in this case. She does not explain why she thought it would be sufficient to mail her notice when the rule expressly speaks in terms of filing and not mailing. Defendant's status as a *pro se* party does not establish good cause, nor does it entitle her to special consideration: This is a commercial case. Plaintiff has appeared by counsel and has appeared *pro se*, in alternating patterns throughout this case, as it has suited her to do, and she has used Mr. Kunstler's New York office address as a sort of "mail drop" rather than reveal her own changing address to the plaintiff creditor (in violation of Local Rule 106(e)).

Defendant has failed to show either excusable neglect or good cause for her untimely filing. *See Freeman v. Dole*, 595 F.Supp. 710, 711 (D.D.C.1984), and the cases collected therein. The motion for leave to file out of time pursuant to F.R.App.P. 4(a)(5) is accordingly **denied**.