**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 20 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MAFFIOLI JAEN DAVILMAR-
JEHOVANY, also known as
Antonio Souza,

Defendant-Appellant.

No. 02-2141
(D.C. No. CR-01-1092-JC)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**,
Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Mr. Davilmar-Jehovany pled guilty to re-entry of an illegal alien after being deported for a prior aggravated felony conviction, in violation of 8 U.S.C. § 1326(b)(2). The presentence report determined that Mr. Davilmar-Jehovany's guideline offense level was 23, with a criminal history of III, yielding a guideline range of fifty-seven to seventy-one months. The district court adjusted the offense level to 21 after finding no obstruction of justice. The adjusted guideline range was forty-six to fifty-seven months. Mr. Davilmar-Jehovany was sentenced to a term of imprisonment of fifty months, which is within the guideline range.

Mr. Davilmar-Jehovany appeals his sentence. A jurisdictional issue was raised by this court regarding the timeliness of Mr. Davilmar-Jehovany's notice of appeal. The appeal was partially remanded to the district court to rule on an extension of time by the defendant to file the notice of appeal. *See Fallen v. United States*, 378 U.S. 139, 142-144 (1964); *United States v. Lucas*, 597 F.2d 243 (10th Cir. 1979). On remand, the district court granted the extension of time. We have jurisdiction to hear this appeal.

Mr. Davilmar-Jehovany's appellate counsel has filed a brief pursuant to *Anders v. California,*[1] 386 U.S. 738 (1967). In his *Anders* brief, counsel

---

[1] *Anders* holds that if counsel finds a case to be wholly frivolous after conscientious examination, he may so advise the court and request permission to

(continued...)

concludes the district court correctly applied the guideline range and sentenced his client. Mr. Davilmar-Jehovany submitted a response to the *Anders* brief, and argues (1) the district court used the wrong edition of the sentencing guidelines; (2) the district court believed it lacked discretion to downward depart; and (3) clerical error in the judgment. We review the district court's interpretation and application of the sentencing guidelines de novo, and the court's underlying findings of fact for clear error. *United States v. Pappert*, 112 F.3d. 1073, 1078 (10th Cir. 1997).

Mr. Davilmar-Jehovany contends he was not sentenced under the guidelines in effect at the time of his sentencing, as is customary. He was sentenced on April 29, 2002. The presentence report clearly states the November 1, 2001 edition of the United States Sentencing Commissions Guideline Manual was used in computing Mr. Davilmar-Jehovany's sentence. Under USSG § 2L1.2(b)(1)(A)(ii) in the November 1, 2001 edition, if the defendant was previously deported after a conviction for a felony that is a crime of violence, the base level is increased by 16 levels. Application Note 1.(B)(ii) states a crime of

---

[1](...continued)
withdraw. Counsel must also submit to the court a brief referring to anything in the record arguably supportive of the appeal. The brief is then served upon the client, who may then raise any point he chooses, and this court thereafter undertakes a complete examination of all proceedings and decides whether the appeal is in fact frivolous. If it so finds, it may grant counsel's request to withdraw and dismiss the appeal. *Anders* , 386 U.S. at 744.

violence includes both an offense "that has as an element of the use, attempted use, or threatened use of physical force against the person of another;" and "forcible sex offenses (including sexual abuse of a minor)." Appellant's felony conviction was for Sexual Assault of a Child. Accordingly, his base level was correctly increased by sixteen levels.

Mr. Davilmar-Jehovany's second argument is that the district court did not believe it had the discretion to downward depart. "[U]nless the judge's language unambiguously states the judge does not believe he has authority to downward depart, we will not review his decision." *United States v. Rodriguez*, 30 F.3d 1318, 1319 (10th Cir. 1994). At sentencing, appellant did not articulate a basis for a downward departure, accordingly, the district court could not ignore the guidelines. R. Vol. 3 at 5-6.

Lastly, Mr. Davilmar-Jehovany claims the district court imposed an unsupervised release term of two years, yet in the judgment the unsupervised release term is indicated as two to three years. The judgment unambiguously states an unsupervised release term of two years.

After review of the entire proceedings, we conclude that the record establishes no non-frivolous ground for appeal. The appeal is therefore

DISMISSED and counsel's motion to withdraw is GRANTED.

Mr. Davilmar-Jehovany's *pro se* Motion to Appoint Attorney is denied.

Entered for the Court


John C. Porfilio
Circuit Judge