F I L E D
United States Court of Appeals
Tenth Circuit

APR 29 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

JAY KIRK PRICE,

  Defendant-Appellant.

No. 97-4041
(D.C. No. 96-CR-255)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant Jay Kirk Price appeals from the sentence imposed by the district

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court after Mr. Price's plea of guilty to the charge of bank robbery in violation of 18 U.S.C. § 2113(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, [1] and we affirm.

I

Mr. Price was charged initially with one count of bank robbery in violation of 18 U.S.C. § 2113(a) and one count of possession of a firearm by a restricted person in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Pursuant to a plea agreement, Mr. Price pled guilty to one count of bank robbery. In exchange, the Government dismissed the firearm possession charge and recommended the lowest applicable guideline level sentence under the United States Sentencing Guidelines (U.S.S.G.).

According to the presentence report (PSR), to which Mr. Price did not object, he had an adjusted offense level of 23, with a criminal history score of 18,

---

[1] In this direct criminal appeal, Mr. Price's notice of appeal was filed more than ten, but less than forty days after entry of judgment. The matter was partially remanded to the district court for a determination of excusable neglect under Fed. R. App. P. 4(b). *See Fallen v. United States*, 378 U.S. 139, 142-44 (1964); *United States v. Lucas*, 597 F.2d 243, 245 (10th Cir. 1979). On remand, the district court determined there was excusable neglect and granted Mr. Price's motion for an extension of time in which to file the appeal. Accordingly, this Court has jurisdiction.

placing him in criminal history category VI. The applicable guideline range of imprisonment was 92-115 months. The district court, however, imposed a one-level upward departure pursuant to U.S.S.G. § 4A1.3, determining the criminal history category VI, the highest category possible under the Guidelines, did not adequately reflect the seriousness of Mr. Price's criminal history or the risk of recidivism. [2] The departure increased Mr. Price's offense level to 24, with an applicable guideline range of 100-125 months imprisonment. The district court sentenced Mr. Price to the maximum 125 months imprisonment.

Mr. Price bases his appeal on two related arguments. First, he contends the district court improperly departed upward because category VI adequately reflected the extent and seriousness of his criminal history. Second, Mr. Price claims the district court failed to provide the specific and detailed rationale required to support an upward departure under the Sentencing Guidelines.

---

[2] Section 4A1.3 of the Guidelines provides that "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range."

II

We review a district court's decision to depart upward from the Sentencing Guidelines deferentially, under a unitary abuse of discretion standard. *Koon v. United States*, 116 S. Ct. 2035, 2047-48 (1996); *United States v. Collins*, 122 F.3d 1297, 1302-03 (10th Cir. 1997). To determine whether the district court abused its discretion in departing from the Guidelines, we evaluate the permissibility of the departure factors relied on by the district court, whether the departure factors remove the case from the heartland of the applicable guideline, the sufficiency of the record supporting the factual basis underlying the departure, and the reasonableness of the degree of departure. *Collins*, 122 F.3d at 1303.

Having adopted the factual findings contained in the PSR, the district court based its one-level upward departure on two factors. First, the district court pointed to Mr. Price's "egregious, serious criminal record, in which even the guideline range for criminal history category six is not adequate to reflect the seriousness of the defendant's criminal history." Second, the court concluded that "based upon his past conduct, it appears that [Mr. Price] would continue to commit crime if he is released without an appropriate sentence." The Guidelines specifically encourage a departure when the district court concludes a defendant's criminal history category under-represents either the seriousness of the

-4-

defendant's criminal history or the likelihood of recidivism. *See* U.S.S.G. § 4A1.3. Because § 4A1.3 provides an encouraged basis for departure, we conclude the district court relied on permissible departure factors.

Mr. Price, however, contends the facts of his criminal history are not sufficient to remove him from the heartland of criminal history category VI. He argues the district court based the departure solely on the duration of his criminal history and the number of offenses, without proper regard for the seriousness of the offenses. Moreover, Mr. Price specifically challenges the sufficiency of the district court's rationale and the underlying factual basis for the departure.

In assessing whether the factual circumstances identified by the district court remove Mr. Price's case from the heartland of criminal history category VI, we recognize the district court's special competence in determining the unusualness of a specific case. *Koon*, 116 S. Ct at 2047; *Collins*, 122 F.3d at 1305. We will not disturb the determination of the district court absent a clear error of judgment. *Collins*, 122 F.3d at 1305. After reviewing the record, we conclude the district court did not abuse its discretion in departing upward based on Mr. Price's record.

First, the district court determined category VI did not adequately reflect the seriousness of Mr. Price's criminal endeavors. Mr. Price had a criminal history point total of 18, well beyond the category VI threshold of 13. *See* U.S.S.G. § 5A. The district court reviewed Mr. Price's criminal exploits in detail, specifically noting the uncounted "16 juvenile court referrals for offenses ranging from bomb threats to destruction of property, from assault to theft." As an adult, Mr. Price had acquired more than a dozen felony and misdemeanor convictions, including a 1980 conviction for two counts of felony robbery which received no criminal history points, and which the court noted had been "originally charged as aggravated robbery and aggravated kidnaping." The court considered it "just fortunate ... that no one has been seriously injured or caused to lose their life as a result of his criminal conduct." Contrary to Mr. Price's claim, the district court did not simply count the number of offenses, but considered both the nature of the individual offenses and the unrelenting nature of his criminal conduct.

Significantly, Mr. Price ignores the district court's consideration of the recidivism prong of U.S.S.G. § 4A1.3. The court pointed to Mr. Price's repeated failure to honor his promises to prior courts, his failure to "follow through" with treatment programs, and his failure to show "some desire, by the course of conduct, to live according to the rule of law." The court expressed concern that

Mr. Price had been given "every break possible" and had never really had to "account for what he ha[d] been involved in." The court concluded, "based upon [Mr. Price's] past conduct," that criminal history category VI underestimated the risk Mr. Price would commit further crimes "if he [was] released without an appropriate sentence."

We hold the district court relied on permissible departure factors, and provided a sufficient explanation, supported by specific facts in the sentencing record, for its upward departure. *See United States v. Meacham*, 115 F.3d 1488, 1498 (10th Cir. 1997) (enumerating requirements for a "sufficient explanation" for a sentencing departure). Finding no clear error in the district court's assessment of Mr. Price's criminal history, we now consider whether the one-level departure was reasonable.

The district court imposed a one-level upward departure, consistent with the methodology suggested by the Guidelines. U.S.S.G. § 4A1.3, p.s. ("[T]he court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case."). The district court's approach was "hitched" to the Guidelines in a reasonable manner. *See United States v.*

*Shumway* , 112 F.3d 1413, 1429 (10th Cir. 1997).  Given the seriousness of Mr. Price's criminal history and the high risk of recidivism, a one-level upward departure was reasonable.

Accordingly, the sentence imposed by the district court is     **AFFIRMED** .

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge