**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 24 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAY KIRK PRICE,

      Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

      Respondent-Appellee.

No. 01-4061
(D.C. No. 2:99-CV-294-ST)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

Jay Kirk Price appeals the district court's denial of his petition under 28 U.S.C. § 2255 to vacate his sentence. Finding no prejudicial error, we deny a certificate of appealability.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Price pled guilty to bank robbery and was sentenced to 125 months in prison.  His conviction and sentence were affirmed by this court on appeal.  United States v. Price, No. 97-4041 (10th Cir. Apr. 29, 1998).  Price filed the instant petition to vacate his sentence on April 27, 1999 in the District of Utah.  Price claimed ineffective assistance of counsel based upon his counsel's failure to provide him access to the presentence report prior to the sentencing hearing and his counsel's failure to argue that Price was impaired at the time he pled guilty.  Price also claimed the government breached their plea agreement.  On April 30, 1999, Price filed a motion requesting 90 days to file a memorandum in support of his § 2255 petition.  So far as the record reflects, the district court never ruled upon the motion.

On March 6, 2000, the magistrate judge issued a recommendation to the district court that Price's § 2255 petition be denied.  The magistrate judge recommended that the ineffective assistance claim be denied on the merits because Price had failed to demonstrate that he was prejudiced by his counsel's performance.  The magistrate judge further noted that, to the extent that Price claimed a violation of Rule 32 of the Federal Rules of Criminal Procedure,[1] such

---

[1] Rule 32 provides in relevant part that at least 35 days prior to the sentencing hearing the presentence report must be furnished "to the defendant, the defendant's counsel, and the attorney for the Government."  Fed. R. Crim. P. 32(b)(6)(A).

- 2 -

claim also failed for failure to demonstrate prejudice. Finally, the magistrate judge recommended that the breach of plea claim be held procedurally barred.

On March 27, 2000, Price filed a motion to withdraw without prejudice his § 2255 petition in order to add a claim that the failure to provide him with a copy of the presentence report violated Rule 32. Having apparently received no response to this motion, Price filed a motion on June 19, 2001, requesting permission to resubmit his § 2255 petition with a Rule 32 claim added.

On February 6, 2001, the district court adopted the magistrate judge's report in its entirety and thus denied Price's § 2255 petition. The court also rejected as untimely both the motions to withdraw without prejudice and the motion to amend his petition. The court "suggest[ed] that Petitioner attempted to wait for the outcome of his Petition before filing his" motions. (Order 2.)

In his appeal to this court, Price argues that the district court abused its discretion in dismissing his motions to withdraw without prejudice and to amend his § 2255 petition. The sole stated purpose of each of these motions, according to both the text of the motions and the present appeal, was to add a Rule 32 claim to his § 2255 petition. Price concedes that these motions were filed more than one year after his conviction became final and thus are timely only if they clarify a previously asserted claim. (Aplt. B 3.) Price argues that his Rule 32 claim is based upon the same set of facts as his original ineffective assistance claim, and

- 3 -

thus is intertwined with that claim such that amendment should have been allowed.

For the purpose of this decision, we assume without deciding that the relationship between Price's Rule 32 claim and his timely ineffective assistance was sufficient to warrant amendment of his § 2255 petition. We hold that any error in denying Price's motions to withdraw and amend his § 2255 petition was harmless.

A criminal defendant is not entitled to resentencing based on a Rule 32 violation unless he was prejudiced by that violation. United States v. Archer, 70 F.3d 1149, 1151 (10th Cir. 1995). Here, the magistrate judge correctly observed: "Nowhere in his petition or reply does petitioner allege any error or inaccuracy in the presentence report. Petitioner does not offer any evidence that by making an objection to any part of the report, the sentence imposed would have changed." (Report & Recommendation 5.) Nor is such allegation or evidence to be found in Price's appeal to this court. Accordingly, any Rule 32 violation did not prejudice Price and therefore was harmless.

Price argues that the court's failure to rule on his April 30, 1999 motion requesting an extension of time for filing a memorandum in support of his § 2255 petition excuses the lateness of his later motions. This argument is meritless. The § 2255 petition made no reference to a Rule 32 claim, and the April 30, 1999

motion was not a motion to amend the complaint by adding any such reference. Instead, it was a motion for additional time to submit a memorandum in support of the petition. There is no plausible reason why the district court's failure to rule on the April 30, 1999 motion caused the untimeliness of Price's later motions. We note that the April 30, 1999 motion was itself filed on the last day of the one-year period following entry of final judgment on Price's conviction.

## CONCLUSION

We GRANT Price's motion to proceed in forma pauperis. We DECLINE to issue a certificate of appealability, and we DISMISS the petition.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge