848 F.2d 186
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry Clifford BYRD, Sr., Defendant-Appellant.
 No. 86-7728.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 29, 1988.
Decided: May 19, 1988.
 
 Henry Clifford Byrd, Sr., appellant pro se.
 Robert William Jaspen, Kenneth Wayne McAllister, Office of the United States Attorney, for appellee.
 M.D.N.C.
 VACATED AND REMANDED.
 Before JAMES DICKSON PHILLIPS, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Henry Clifford Byrd appeals the district court's denial of relief under 28 U.S.C. Sec. 2255. The district court denied relief upon recommendation of the magistrate after finding that Byrd's objections to the magistrate's recommendation were untimely and therefore de novo review was not required. In refusing to consider the untimely objections the district court noted that Byrd had failed in this action to advise the court of his new address and thus was to blame for his delayed receipt of the magistrate's recommendation.
 
 
 2
 On appeal Byrd points to the district court docket sheet which reflects his new address with a date next to this address which precedes the mailing of the magistrate's recommendation. He maintains that he advised the court of his new address promptly upon his transfer to a different prison and cannot be faulted for the delay in receiving the magistrate's recommendation. He maintains that his objections, which were filed eight days after receipt of the magistrate's recommendation, should have been considered by the district court.
 
 
 3
 Although the district court has discretion in deciding whether to grant an extension to file objections to the magistrate's report, we believe it would be an abuse of that discretion to deny an extension if, in this case, Byrd had advised the court of his new address yet did not timely receive the magistrate's recommendation because it was sent to the old address. See Grandison v. Moore, 786 F.2d 146 (3d Cir.1986). In view of Byrd's argument on appeal in regard to the notation on the district court docket sheet, we remand this action to the district court for further consideration of Byrd's contention that he did advise the court, in this action, of his new address, and, if appropriate, for de novo review of the record in light of Byrd's objections.
 
 
 4
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument, vacate the judgment of the district court, and remand for further proceedings consistent with this opinion.
 
 
 5
 VACATED AND REMANDED.