865 F.2d 1261
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Willie J. WASHINGTON, Plaintiff-Appellant,
v.
Arnold J. HOPKINS, Commissioner; James N. Rollins, Warden,
Defendants-Appellees.
 No. 88-7255.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 8, 1988.
Decided: Jan. 4, 1989.
 
 Willie J. Washington, appellant pro se.
 John Joseph Curran, Jr., Glenn William Bell (Office of the Attorney General of Maryland), for appellees.
 Before DONALD RUSSELL, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Willie J. Washington, a Maryland inmate, brought this action under 42 U.S.C. Sec. 1983 against several prison officials. Washington alleges that a variety of actions taken by these prison officials violated his constitutional rights. The district court referred the case to the magistrate who in a July 6, 1987, report recommended that appellees' motion for summary judgment be granted.
 
 
 2
 In a notice attached to the report, Washington was informed that he had until July 23, 1987, to file objections to the report. In a paper dated July 20, 1987, and marked filed July 27, Washington requested an extension of time to object to the magistrate's report, explaining that he had only received the report the day before. The district court, apparently unaware of this paper, filed a July 30, 1987, order in which it noted that the time for objecting to the magistrate's report had expired and without objection adopted the magistrate's recommendation. Washington now appeals from the grant of summary judgment in appellees' favor.
 
 
 3
 If a request for enlargement of time to object to the magistrate's report is made before the expiration of the period originally prescribed, a district court may extend the period within which written objections must be filed. 28 U.S.C. Sec. 636(b)(1); Fed.R.Civ.P. 6(b). Assuming that Washington gave his request for an extension to prison authorities for mailing on July 20, 1987, the day the request is dated, it should be considered filed as of that date. See Houston v. Lack, 56 U.S.L.W. 4728 (U.S. June 24, 1988) (No. 87-5428). Therefore, we consider the request to have been filed within the period originally prescribed for objecting to the magistrate's report. Washington's request for an extension states that his receipt of the magistrate's report was delayed by the prison mailroom. We find that such a delay constitutes good cause warranting the enlargement of time to object to the magistrate's report. See Grandison v. Moore, 786 F.2d 146 (3rd Cir.1986).
 
 
 4
 Accordingly, we conclude that the district court should have extended the time for appellant to file objections to the magistrate's report. We vacate the decision of the district court and remand with directions that the district court provide Washington an opportunity to file his objections and that it conduct a de novo review of the magistrate's report in light of those objections. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.
 
 
 5
 VACATE AND REMAND.