900 F.2d 257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Andrew John WALKER, Petitioner-Appellant,
v.
STATE of Maryland; Attorney General of the State of
Maryland; United States Attorney General,
Respondents-Appellees.
 No. 90-6519.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 5, 1990.
Decided March 20, 1990.
As Amended March 30, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (C/A No. 88-2149-HAR).
 Andrew John Walker, appellant pro se.
 John Joseph Curran, Jr., Gary Eugene Bair, Office of the Attorney General of Maryland, Baltimore, Md., for appellees.
 D.Md.
 VACATED AND REMANDED.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 John Andrew Walker appeals from the district court's dismissal of his petition for habeas corpus relief. For the following reasons we grant a certificate of probable cause to appeal, vacate the district court's order, and remand the case.
 
 
 2
 Walker, a federal prisoner, filed this petition seeking federal habeas corpus relief for a Maryland state court conviction pursuant to 28 U.S.C. Sec. 2254. The matter was referred to a magistrate for issuance of a report and recommendation. On October 25, 1989, the magistrate issued his report and recommended dismissing the petition for failure to exhaust state court remedies. Walker was informed that he must file any objections "no later than November 24, 1989 " (emphasis in original). On November 14 Walker wrote to the court asking for an extension of time in which to file his objections because he had been in the hospital for surgery and did not receive the magistrate's report until that day.* Walker's request was docketed in the district court on November 20. On November 21 the district court entered an order adopting the magistrate's report and dismissing the petition.
 
 
 3
 Walker's request for an extension of time was timely filed within the period for objecting to the magistrate's report under Houston v. Lack, 487 U.S. 266 (1988). Because failure to object to the magistrate's report results in the waiver of Walker's right to appellate review by this Court and de novo review by the district court, it was an abuse of discretion for the district court not to consider Walker's request for an extension of time. Thomas v. Arn, 474 U.S. 140, 155 (1985) (litigant should be given opportunity to seek an extension of time for filing objections); Grandison v. Moore, 786 F.2d 146 (3d Cir.1986) (untimely objections should be considered where delivery of magistrate's report delayed). Therefore, we vacate the district court's order and remand the case for consideration of Walker's motion for an extension of time in which to file his objections to the magistrate's report.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 *
 The request for extension of time was accompanied by a copy of the envelope the order was mailed in, showing November 14 as the date it was delivered