972 F.2d 344
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Willie WALTON, Petitioner-Appellant,
v.
Richard S. LINDLER, Warden; T. Travis Medlock, Attorney
General of South Carolina, Respondents-Appellees.
 No. 91-7724.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 21, 1992
Decided: August 17, 1992
 
 Willie Walton, Appellant Pro Se. Donald John Zelenka, Chief Deputy Attorney General, Columbia, South Carolina, for Appellees.
 Before WIDENER, WILKINS, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Willie Walton, a South Carolina prisoner, appeals from an order of the district court accepting the recommendation of the magistrate judge to grant summary judgment to the state on his petition for habeas corpus under 28 U.S.C. § 2254 (1988). The district court did not conduct de novo review of the magistrate judge's report because Walton did not timely object. Because Walton's failure to timely object to the magistrate judge's Report and Recommendation does not bar his appeal if he was not timely notified of the recommendation, we remand the case to the district court with instructions.
 
 
 2
 On September 23, 1991, the magistrate judge recommended that the state's motion for summary judgment be granted. On October 23, the district court accepted the magistrate judge's recommendation without conducting de novo review. One day after entry of the judgment, Walton's objections arrived at the district court. Filed with his objections was an affidavit by Walton alleging that the envelope containing the magistrate judge's Report and Recommendation, and the accompanying notice, was opened by prison authorities, and that he did receive it until October 14, 1991, after the time for objections had lapsed. Also enclosed was a copy of what appears to be a prison mail receipt which seems to support Walton's affidavit.[1]
 
 
 3
 A counselled litigant who fails to object in writing within ten days to a magistrate judge's proposed findings of fact and conclusions of law is not entitled to de novo review of the magistrate judge's determinations, see 28 U.S.C.A. § 636(b)(1)(C) (West Supp. 1991), and is barred from contesting these determinations on appeal. See United States v. Schronce, 727 F.2d 91, 93-94 (4th Cir.), cert. denied, 467 U.S. 1208 (1984). The waiver applied for failure to file objections is a prudential rule, however, not a jurisdictional requirement. Id. Seealso Grandison v. Moore, 786 F.2d 146, 148 (3rd Cir. 1986); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985).
 
 
 4
 When a litigant is proceeding pro se, this Court has held that he must be given fair notice of the consequences of failing to object before a procedural default will result. See Wright, 766 F.2d at 846. Delays in delivery of mail-over which prisoners have no control-can justify the untimely filing of objections. See Grandison, 786 F.2d at 148-49. De novo review of a magistrate judge's determinations by an Article III judge is not only required by statute, see Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982), but is indispensable to the constitutionality of the Magistrate Judge's Act. See United States v. Raddatz, 447 U.S. 667, 681-82 (1980).
 
 
 5
 If Walton's contentions are true, he did not timely receive notice of the consequences of failing to object to the magistrate's report. Once he received notice, he promptly filed his objections. Accordingly, we grant a certificate of probable cause to appeal and remand the case to the district court with instructions for it to determine whether the magistrate judge's Report and Recommendation were received by Walton in time to file objections.[2] If the district court determines that the Report and Recommendation was not timely received by Walton, the court should conduct the required de novo review. If the court finds that Walton did timely receive the Report and Recommendation, it should reinstate its dismissal of the petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 [1]
 It is not clear from the copy of the mail receipt whether the letter was received on September 27 or October 14. In his affidavit, Walton asserts that he received the letter on October 14
 
 
 [2]
 We deny Walton's motion for appointment of counsel