**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-6395

CARLOS GOMEZ,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Richard C. Erwin, Senior District Judge.
(CR-85-98, CA-95-213-2)

Submitted: July 30, 1996

Decided: August 23, 1996

Before HALL and ERVIN, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Carlos Gomez, Appellant Pro Se. David Bernard Smith, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Carlos Gomez appeals the dismissal of his motion filed pursuant to 28 U.S.C. § 2255 (1988), as amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1217. The case was referred to a magistrate judge for a report and recommendation pursuant to 28 U.S.C.A. § 636(b)(1) (West 1993). On January 29, 1996, the magistrate judge filed a recommendation that the petition be dismissed. Attached to the magistrate judge's report and recommendation was a notice stating that objections were to be filed within ten days. Computing the time for objections in accordance with Fed. R. Civ. P. 6(a), (e), 72(b), Gomez's objections were due on February 15.

In an order filed February 21, the district court noted that no objections to the magistrate judge's recommendation had been filed and adopted the recommendation without a de novo review. On March 7, Gomez filed a notice of appeal. On April 8, Gomez filed a motion in this court seeking remand to the district court for consideration of his objections. Gomez contends that he did not receive the magistrate judge's report until February 29 due to his prison transfer. Attached to Gomez's motion is a letter from R. Lavella, Gomez's case manager at the Federal Correctional Institution in Allenwood, Pennsylvania, where Gomez is currently incarcerated. Lavella's letter corroborates Gomez's assertions.

A counselled litigant who fails to object in writing within ten days to a magistrate judge's proposed findings of fact and conclusions of law is not entitled to de novo review of the magistrate judge's determinations, see 28 U.S.C.A. § 636(b)(1)(B) (West 1993), and is barred from contesting these determinations on appeal. See Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985). However, the waiver applied for failure to file objections is a prudential rule, not a jurisdictional requirement. See United States v. Schronce, 727 F.2d 91, 93-94 (4th Cir.), cert. denied, 467 U.S. 1208 (1984). Consequently, when a litigant is proceeding pro se, we have held that he must be given fair notice of the consequences of failing to object before a default will result. See Wright, 766 F.2d at 846.

2

When objections have been filed, de novo review of a magistrate judge's determinations by an Article III judge is not only required by statute, see Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982), but is indispensable to the constitutionality of the Magistrate Judge's Act. See United States v. Raddatz, 447 U.S. 667, 681-82 (1980). If Gomez's contentions are true, he timely received neither the magistrate judge's report nor notice of the consequences of failing to object to the report. Because delays in delivery of mail--over which prisoners have no control--can justify the untimely filing of objections, see Grandison v. Moore, 786 F.2d 146, 149 (3d Cir. 1986), we hold that Gomez should be permitted to prove in the district court that he did not receive proper notice.

Accordingly, we vacate the order of the district court and remand so that the district court can determine whether Gomez timely received the report and recommendation. If the district court determines that the report was not timely received by Gomez, the court should permit Gomez to file objections and then conduct the requisite review. Should the court find that Gomez did receive proper notice, it should reinstate its dismissal of the § 2255 motion. We therefore grant Gomez's motion to remand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3