UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

WINFRED GIBSON,

    *Plaintiff-Appellant,*

v.

HAROLD LOWERY, Attorney,

    *Defendant-Appellee.*

No. 00-6911

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Henry M. Herlong, Jr., District Judge.
(CA-00-1250-8)

Submitted: November 16, 2000

Decided: December 6, 2000

Before WILKINS and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

### COUNSEL

Winfred Gibson, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Winfred Gibson appeals the dismissal of his complaint filed under 42 U.S.C.A. § 1983 (West Supp. 2000). On May 2, 2000, the magistrate judge issued a report recommending that the case be dismissed. Attached to the magistrate judge's report and recommendation was a notice stating that objections were to be filed within ten days. Pursuant to Fed. R. Civ. P. 6(a), 6(e), and 72(b), Gibson's objections were due on May 19.

On June 15, 2000, the district court dismissed Gibson's action, adopting the magistrate judge's recommendation and stating that Gibson failed to object to the report. The district court did not conduct a de novo review. Gibson filed his timely notice of appeal on June 29. In his notice of appeal, Gibson states that he did not receive the magistrate judge's report and recommendation. Gibson attached an affidavit to his notice of appeal that he did not receive the magistrate judge's report and recommendation, and that he did not have an opportunity to file objections to it.

A litigant who fails to object in writing within ten days to a magistrate judge's proposed findings of fact and conclusions of law is not entitled to de novo review of the magistrate judge's determinations, 28 U.S.C.A. § 636(b)(1)(West 1993), and is barred from contesting these determinations on appeal. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985). However, the waiver applied for failure to file objections is a prudential rule, not a jurisdictional requirement. *United States v. Schronce*, 727 F.2d 91, 93-94 (4th Cir. 1984). Consequently, when a litigant is proceeding pro se, this court has held that he must be given fair notice of the consequences of failing to object before a procedural default will result. *Wright*, 766 F.2d at 846.

When objections have been filed, de novo review of a magistrate judge's determinations by an Article III judge is not only required by statute, *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982), but is indispensable to the constitutionality of the Magistrate Judge's Act. *United States v. Raddatz*, 447 U.S. 667, 681-82 (1980). If Gibson's contentions are true, he did not receive timely notice of the conse-

quences of failing to object to the magistrate judge's report. Because delays in delivery of mail—over which prisoners have no control—can justify the untimely filing of objections, *Grandison v. Moore*, 786 F.2d 146, 149 (3d Cir. 1986), Gibson should be permitted to prove in the district court that he did not receive proper notice.

Accordingly, we vacate the order of the district court and remand so that the district court can determine whether Gibson timely received the report and recommendation. If the district court determines that the report was not timely received by Gibson, the court should permit Gibson to file objections and then conduct the requisite review. Should the court find that Gibson did receive proper notice, it should reinstate its dismissal of the § 1983 complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*