Ravanna SPENCER, Appellant

v.

Jeffrey BEARD, Secretary; Donald Kelcher, Superintendent; Rick Southers, SMU Counselor; Teresa M. Law; Andrew Newton; Muhammad Khan; Ed Kalsky; Counselor Whaling.

No. 09–2692.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and IOP. 10.6 Oct. 29, 2009.

Opinion filed: Nov. 10, 2009.

Ravanna Spencer Hunlock Creek, PA, pro se.

John G. Knorr, III, Esq., Office of Attorney General of Pennsylvania Department of Justice, Harrisburg, PA, Vincent R. Mazeski, Esq., Pennsylvania Department Of Corrections Office Of Chief Counsel, Camp Hill, PA, Evan Black, Esq., Frederick E. Black, Esq., Randall G. Gale, Esq., Thomas, Thomas & Hafer, Harrisburg, PA, for Jeffrey Beard, Secretary; Donald Kelcher, Superintendent; Rick Southers, SMU Counselor; Teresa M. Law; Andrew Newton; Muhammad Khan; Ed Kalsky; Counselor Whaling.

Before: SLOVITER, AMBRO and SMITH, Circuit Judges.

OPINION

PER CURIAM.

Ravanna Spencer, an inmate at the State Correctional Institution at Camp Hill, Pennsylvania, appeals the order of the District Court entering judgment in favor of Appellees in his civil suit. For the following reasons, we will summarily vacate and remand to the District Court for further proceedings. *See* 3d Cir. LAR 27.4; 3d Cir. IOP 10.6.

Spencer filed a complaint in May 2006, alleging numerous instances in which various prison officials violated his constitutional rights. The crux of Spencer's action is that Appellee Kalsky, the prison psychologist, along with Appellee Newton, the prison psychiatrist, interviewed him at his

cell door and in the course of the interview improperly disclosed his mental health history. Spencer also asserts that Newton discontinued his medication in retaliation for his filing of a grievance.

The case was referred to a Magistrate Judge. Spencer filed two motions for appointment of counsel, which the Magistrate Judge denied. Next, upon the Magistrate Judge's recommendation, the District Court dismissed several defendants and claims. The remaining defendants then filed summary judgment motions. In their first summary judgment motions, defendants contested only Spencer's failure to exhaust his administrative remedies. The District Court granted summary judgment with respect to the retaliation claim and remanded the case to the Magistrate Judge with respect to the Eighth and Fourteenth Amendment claims against both Newton and Kalsky. In their second summary judgment motions, Kalsky and Newton argued that Spencer's remaining claims were meritless. The Magistrate Judge, in two separate orders dated December 11, 2008, and December 15, 2008, recommended granting summary judgment in favor of both Kalsky and Newton.

On January 12, 2009, Spencer filed the first of three motions requesting an extension of time to file objections to the Magistrate Judge's Report and Recommendation. The District Court granted all three motions, indicating that the third extension, setting the deadline on April 30, 2009, would be the last. On May 1, 2009, the District Court entered an order adopting the Magistrate Judge's Report and Recommendations, granted both summary judgment motions, and entered judgment in favor of the Appellees. In its order, the Court noted that no objections had been filed to the Report and Recommendation.

Four days after the entry of judgment, the District Court received Spencer's ob-jections to the Report and Recommendation which were dated April 29, 2009. The District Court has not acted on Spencer's objections. Spencer filed a timely notice of appeal challenging the District Court's order and has filed a motion requesting appointment of counsel.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Under the Magistrate Judges Act, a party may file written objections to the Magistrate Judge's proposed findings within ten days. 28 U.S.C. § 636(b)(1). Once objections are filed, the District Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The ten-day limit is not jurisdictional and may be extended by the District Court. *See Grandison v. Moore,* 786 F.2d 146, 148 (3d Cir.1986).

Here, while the District Court did not receive the objections until five days after the deadline, the document is dated April 29, 2009. Because Spencer is a prisoner, he receives the benefit of the "prison mailbox rule." *See Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Under that rule, the date of filing occurs when a prisoner transmits documents to prison authorities for mailing. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir.2003). Thus, inasmuch as the documents are dated one day before the deadline, it appears that Spencer timely filed his objections to the Magistrate Judge's Report and Recommendation. Because the District Court did not consider the merits of Spencer's objections, we will remand for its consideration in the first instance. *See Grandison,* 786 F.2d at 149.

Spencer also appeals the Magistrate Judge's denial of his two motions for counsel. Spencer did not appeal these orders to the District Court and therefore he

cannot challenge the orders in this Court. *See Nara v. Frank,* 488 F.3d 187, 195 (3d Cir.2007).

For the foregoing reasons, we will summarily vacate the District Court's order granting judgment for the defendants and will remand this matter for further proceedings in accordance with this opinion. *See* 3d Cir. LAR 27.4; 3d Cir. IOP 10.6. Spencer's motion for appointment of counsel in this Court is denied as moot.