BLD-036                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3030
_____

LANCE M. WHITE, SR.,
Appellant,
v.

THE PENNSYLVANIA STATE POLICE, Troop "D"
Butler County PA and  their Supervisors and Administrative
Body; THE GOVERNOR OF PENNSYLVANIA; THE
BUTLER COUNTY DISTRICT'S OFFICE; BUTLER
COUNTY PUBLIC DEFENDERS OFFICE, both their
Supervisors and County Commissioners; THE
PENNSYLVANIA ATTORNEY GENERAL'S OFFICE,
and its agents to include supervisors and the Pennsylvania
Attorney General; BRIAN COUCH, PA State Trooper of
the State Police Troop "D" Butler County; ALAN COLLINS,
PA State Trooper of the State Police Troop "D" Butler County;
PAUL EPPS, PA State Trooper of the State Police Troop "D"
Intelligence Unit; SCHAFFER, PA State Trooper of the State
Police Troop "D" Butler County; KOSCINSKI, PA State
Trooper of the State Police Troop "D" Butler County;
MICHAEL POULOS, PA State Trooper of the State Police
Troop "D" Butler County; CORPORAL TIMOTHY P.
WILES, PA State Trooper - Troop "D" Vice Supervisor;
CORPORAL KILLGALLON,  PA State Trooper of the State
Police Troop "D" Butler County; CORPORAL JAMES
OLCOZAK, PA State Trooper of the State Police Troop "D"
Vice Unit Butler County;  LT. RONALD PATE, PA State
Police Drug Task Force Supervisor of the Butler State Police;
A NUMBER OF UNKNOWN PA STATE POLICE AND
OTHER STATE POLICE EMPLOYEES to be named upon
discovery of their roles in this conspiracy starting in 2003 and
continuing to date, all parties are being sued in their official
capacity while acting under the color of state law and also in
their individual capacity while acting under color of state law

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 10-cv-00464)
District Judge: Donetta W. Ambrose
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 12, 2010

Before: SLOVITER, JORDAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 24, 2010)
_____

OPINION
_____


PER CURIAM

        Appellant Lance M. White, Sr., a state prisoner, filed an <u>in</u> <u>forma</u> <u>pauperis</u>

civil rights complaint in the United States District Court for the Western District of

Pennsylvania on April 9, 2010.  He named as defendants Pennsylvania State Troopers

Brian Couch and Alan Collins, among many others.  In a lengthy and at times confusing

narrative, White alleged the essential facts that Couch and Collins fabricated an arrest

warrant on drug charges against him on September 23, 2003.  He finally was charged and

brought before a magistrate in Butler County on January 9, 2006, and then released on his

own recognizance.  A preliminary hearing was held on May 5, 2008, at which his bail

was continued, and this is where White's narrative ends.  White alleged in the complaint

a malicious prosecution claim, in violation of his constitutional rights, in connection with the arrest and his subsequent imprisonment, and he requested that counsel be appointed.

Prior to service of the complaint, the Magistrate Judge filed a Report and Recommendation, in which she concluded that White, a state prisoner, was challenging a conviction which had never been invalidated. See Heck v. Humphrey, 512 U.S. 477 (1994). She recommended dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In accordance with the Magistrate's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation were due by June 2, 2010. On June 4, 2010, the deadline for the filing of objections having passed, the District Court dismissed White's civil rights complaint under the in forma pauperis statute, 28 U.S.C. § 1915(e)(2)(B)(ii), and denied his motion for appointment of counsel.

White appeals. Our Clerk granted him leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary action under Third Cir. LAR 27.4 and I.O.P. 10.6.

We will summarily vacate the order of the District Court and remand the matter for further proceedings because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. We have jurisdiction under 28 U.S.C. § 1291. Although the District Court was unaware of this, on the same day the court dismissed White's complaint, his objections were received and filed on the district court docket. It appears the District Court was not advised that the objections had in fact been submitted.

3

Insofar as the objections are dated May 28, 2010 and were mailed from prison on June 2, 2010 (according to the postmark), they may be considered timely filed. White is a prisoner and he thus receives the benefit of the "prison mailbox rule." See Houston v. Lack, 487 U.S. 266, 276 (1988).

White asserts in his objections that the drug charges brought against him in 2006, which resulted from his arrest in September, 2003, were "nolle prossed" on May 19, 2009, at which point his cause of action accrued. The term of imprisonment he currently is serving involves a conviction he did not intend to challenge in his civil rights complaint. See Objections, at 8, 14. In elucidating his claim of malicious prosecution, White states: "The defendants Brian Couch and Alan Collins fabricated a drug charge against the plaintiff in September of 2003, and for 5 years and six months used the fabricated charge to violate plaintiff's constitutional rights and conspired with a number of other defendants who assisted in the false arrest, false imprisonment and official oppression." Id., at 6. White attached a copy of a state court order to his objections, and the order indicates that a judge of the Court of Common Pleas of Butler County gave permission on May 19, 2009 to enter a *Nolle Prosequi* in the criminal case against White docketed at CP-10-CR-0000099-2006.

A state prisoner's section 1983 action is barred, no matter the relief sought, if success in that action would necessarily demonstrate the invalidity of his conviction. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (citing Heck, 512 U.S. at 486-87). As a prerequisite to a civil suit, a plaintiff must prove that his conviction and sentence have

4

been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. A claim bearing the necessary relationship to a conviction or sentence that has not been invalidated is not cognizable. See id. at 487.

The *nolle prosequi* in the criminal case docketed at CP-10-CR-0000099-2006 on May 19, 2009 raises the question whether it constitutes a favorable termination in White's malicious prosecution case, and, if it does, whether Heck applies to bar White's civil rights action. We leave this question to the District Court. Because the District Court did not consider the merits of White's objections, we will remand for its consideration in the first instance. See Grandison v. Moore, 786 F.2d 146, 149 (3d Cir. 1986). The abandonment of proceedings may not indicate a favorable termination if it "results from: an agreement or compromise with the accused; misconduct on the part of the accused in order to prevent trial; or the impossibility or impracticability of having the accused tried." Washington v. Summerville, 127 F.3d 552, 557 (7th Cir. 1997) (citing Restatement (Second) of Torts §§ 660, 661 (1970)).

We realize that the District Court did not specifically adopt the Report and Recommendation as the Opinion of the Court in dismissing White's complaint, and thus the court may have dismissed the action on some basis other than Heck. Nevertheless, on remand the District Court should consider White's objections since they were timely filed

without the court's knowledge. We express no view whatever on the proper disposition

of White's case under the in forma pauperis statute.

For the foregoing reasons, we will summarily vacate the order of the District Court and remand the matter for further proceedings.