NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3897
_____

ANTONIO PEARSON,

Appellant

v.

PRISON HEALTH SERVICE;
SOMERSET COMMUNITY HOSPITAL;
MEDICAL DIRECTOR R. MCGRATH;
CHCA MR. VISINSKY; CHCA OVERTON;
SYLVIA GIBSON; GERALD L. ROZUM;
CAPT. PAPUGA; LT. DOYKA;
SGT. RITTENOUR; ROBERT SOLARCZYK;
JOHN DOE-1; TAMMY MOWRY;
SUSAN BARNHART; DR. PAUL NOEL;
KAREN OHLER; DR. SAMUEL WATTERMAN;
MELINDA SULLIVAN; D. TELEGA;
DON KLOSS; CRAIG HOFFMAN;
KUMUDA PRADHAN; D. RHODES;
THOMAS MAGYAR; DENISE THOMAS;
D. BEDFORD; COI FOUST;
LINDA KLINE; RAYMOND SOBINA;
COI HEALTH
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-09-cv-00097)
District Judge:  Honorable Kim R. Gibson
_____

February 15, 2013
Before:  SCIRICA, JORDAN and GREENBERG, <u>Circuit Judges</u>

(Opinion filed March 11, 2013)
_____

OPINION
_____

PER CURIAM

Antonio Pearson appeals the District Court's order granting Appellee's motion for summary judgment.  For the reasons below, we will vacate the District Court's order and remand for further proceedings.

<u>Factual and Procedural History</u>

Because we write primarily for the parties, we will set forth only the facts and procedural history that are helpful to our discussion.  In April 2009, Pearson, a state prisoner, filed a civil rights complaint.  Pearson alleged that he had complained to several defendants of a constant sharp pain in his abdomen.  It was not until the next day that Pearson was taken to a hospital for an emergency appendectomy.  After his return to the prison, he was again in pain and had blood flowing from his penis.  Again, Pearson complained to several defendants but it was not until the next day that he was taken back to the hospital to repair a cut to his urethra, which apparently had happened during the surgery.

2

The District Court adopted the Magistrate Judge's Report and Recommendation to dismiss the complaint for failure to state a claim, despite Pearson's requests for leave to amend his complaint. On appeal, we concluded that several of Pearson's allegations stated a claim for deliberate indifference to his serious medical needs. We vacated the dismissal and remanded the matter to the District Court. Pearson v. Prison Health Serv., 348 F. App'x 722 (3d Cir. 2009).

Pearson filed an amended complaint. The Magistrate Judge recognized that the law of the case required him to order service of the complaint on defendants Kline, Rhodes, Papuga, and McGrath. He ordered Pearson to provide copies of the amended complaint for service on those defendants.[1] He recommended dismissing the rest of the complaint.

McGrath filed an unsuccessful motion to dismiss and later filed a motion for summary judgment. The Magistrate Judge recommended granting summary judgment on the merits to McGrath and dismissing the complaint as to the remaining defendants for lack of prosecution pursuant to Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). The District Court adopted the Report and Recommendation over Pearson's objections and ordered that "summary judgment be granted to the remaining defendants." Pearson filed a timely notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

[1] The issue of when Pearson supplied copies of the amended complaint is discussed

Analysis

Whether the Report and Recommendation was issued prematurely

Pearson argues that the Magistrate Judge issued the August 18th Report and Recommendation before his time to respond to an order issued earlier in the month had expired. On June 21, 2011, Pearson requested an extension of time to respond to the motion for summary judgment because he stated that he had not received discovery from McGrath. In an order entered August 4, 2011, the Magistrate Judge instructed Pearson to file a motion to compel "immediately" and specify the discovery matters in dispute. The Magistrate Judge indicated that he would either order additional discovery or give Pearson a new deadline to file a response. The order noted that the parties had fourteen days to object to the portion of the order recommending dismissal of the complaint for lack of prosecution. No other deadlines were given. In the Report and Recommendation, which was dated August 17th, and entered on August 18th, the Magistrate Judge recommended granting summary judgment on the merits to McGrath and dismissing the complaint as to the remaining defendants for lack of prosecution. Pearson explained that after receiving the Report and Recommendation on August 20th, before his time to respond had expired, he concluded that it would be futile to respond to the Magistrate Judge's August 4th order.

below at pages 9-10.

4

Pursuant to 28 U.S.C. § 636(b)(1), "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [] proposed findings and recommendations as provided by rules of court." Under Fed. R. Civ. P. 5(b)(2)(C), service by mail is complete upon mailing. However, Fed. R. Civ. P. 6(d) provides that when a party must act within a specified time after service and service is made by mail, three days are added after the period would otherwise expire. See Fed. R. Civ. P. 72(b) Advisory Committee Notes to 1983 addition (noting that time to respond to Magistrate Judge's recommendation is subject to the rule which provides for additional 3-day period when service is by mail); see also Grandison v. Moore, 786 F.2d 146, 149 (3d Cir. 1986) ("When applied to prisoner mail, that [3 day period] may be critically inadequate. Prisoners have no control over when prison officials will actually deliver mail.") Moreover, pursuant to the prison mailbox rule, a prisoner's filing is deemed filed on the date it is delivered to prison officials for mailing. Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011).

Here, the order was entered on August 4, 2011. Assuming it was served by mail that day, Pearson should have had until Monday, August 22nd to put a response in the mail. However, the Magistrate Judge dated his Report and Recommendation on August 17th, it was entered on the 18th, and Pearson received it on August 20th. The premature Report and Recommendation denied Pearson the opportunity to specify his discovery dispute and respond to the summary judgment motion. Given that the Magistrate Judge

5

did not set a specific deadline for the motion to compel and in light of the difficulties a prisoner-litigant faces in responding "immediately," Pearson was justified in believing he had fourteen days to respond to the issues raised in the August 4th order. See also Mala v. Crown May Marina, No. 10-4710, __ F.3d __ 2013 WL 57895, *4 (3d Cir. Jan. 7, 2013) ("We are especially likely to be flexible [in applying procedural rules] when dealing with imprisoned pro se litigants. Such litigants often lack the resources and freedom necessary to comply with the technical rules of modern litigation.")

In adopting the recommendation that summary judgment be granted, the District Court noted that Pearson had not produced any evidence to refute McGrath's evidence. The District Court did not address Pearson's allegations that he was not given an opportunity to respond to summary judgment and that the Report and Recommendation was issued prematurely. We conclude that the District Court erred in not allowing Pearson to respond to the motion for summary judgment after the Magistrate Judge told him he would be given a new deadline.

Summary Judgment

Because Pearson must be given time to respond to McGrath's motion for summary judgment, we need not address the merits of the District Court's decision. However, we note that the Magistrate Judge implied that Pearson needed to present expert evidence to show that the delay in receiving medical care was probative of deliberate indifference. It is not clear that an expert opinion is necessary in this case. See Brightwell v. Lehman,

6

637 F.3d 187, 194 n.8 (3d Cir. 2011).[2]  Moreover, it is McGrath's burden as the movant

to show that there is no genuine issue of material fact.  McGrath simply submitted

Pearson's medical records, but there was no affidavit attesting to the authenticity or

completeness of the records.  McGrath did not submit an affidavit describing his

treatment of Pearson or explaining the reasons for the treatment and its timing.  McGrath

did not submit any evidence indicating that the delay in treatment Pearson endured while

allegedly in pain and bleeding from his penis was reasonable.  Deliberate indifference can

be shown by a prison official "intentionally denying or delaying access to medical care."

Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).

Dismissal of Denise Thomas

In a January 12, 2011, Report and Recommendation, the Magistrate Judge

recommended that most of the claims in Pearson's amended complaint be dismissed.

With respect to defendant Denise Thomas a/k/a Nurse Jane Doe-1, he concluded that

Pearson had at most alleged negligence on her part for her failure to address Pearson's

pain at 1 p.m. the day before his surgery.  Pearson filed objections to the Report and

Recommendation.  He argued, inter alia, that this Court had already determined that he

had stated a claim against Nurse Thomas (the first nurse to whom he spoke).  In our

opinion resolving Pearson's earlier appeal, we concluded:

---

[2] If expert testimony is necessary, this would weigh heavily in favor of the appointment
of counsel.  See Montgomery v. Pinchak, 294 F.3d 492, 505 (3d Cir. 2002).

Pearson, however, has alleged facts raising an inference that defendants were deliberately indifferent to his suffering and delayed medical care for non-medical reasons. He alleges, for example, that he complained of constant and excruciating pain to two nurses but that they provided no examination or treatment and merely put him on the sick-call list for the following day. Then, after he continued to suffer excruciating pain, he was denied a third request to go to the medical unit because he already had been seen and was on the next day's sick call list. . . . These allegations state a claim for deliberate indifference.

Thus, under the law of the case, the Magistrate Judge should not have recommended dismissing the claims against Denise Thomas. Moreover, the District Court did not address Pearson's objections or review the January 12, 2011, Report and Recommendation. In its September 26, 2011, order, it adopted the August 18th Report and Recommendation and granted summary judgment to the "remaining defendants." But the remaining defendants had yet to be served or move for summary judgment.

Dismissal for failure to prosecute

In his August 4th order, the Magistrate Judge stated that the complaint had not been served on Kline, Rhodes, and Papuga despite an earlier order that Pearson provide copies of the amended complaint. He informed Pearson that if he did not immediately provide copies of the complaint and other forms, the complaint would be dismissed for failure to prosecute. He stated that the parties had fourteen days to object to the portion of the order that recommended that the amended complaint be dismissed for failure to prosecute. In the premature August 18th Report and Recommendation, the Magistrate Judge recommended dismissing the remaining claims for failure to prosecute. While the

8

District Court did not expressly dismiss the remaining claims in its September 26, 2011, order, it discussed this issue and adopted the Report and Recommendation as the opinion of the court.

We review the District Court's order dismissing the action as a sanction for an abuse of discretion. Poulis, 747 F.2d at 868. "Dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court, . . . and are to be reserved for comparable cases." Id. at 867-8 (citation omitted). In Poulis, we set forth six factors to be balanced in deciding whether to dismiss a case as a sanction:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868 (emphases omitted). In determining whether the District Court has abused its discretion, we examine its balancing of these factors and whether its findings are supported by the record.

Here, Pearson, as a pro se litigant, would be personally responsible for any delay in providing copies of the complaint for service. In his brief, Pearson states that he submitted copies of the complaint in January 2011. In his objections to the August 18th Report and Recommendation, he explained that he sent copies of the complaint, summons, and marshal's forms and was informed by the Clerk of the District Court that he needed to fill out waiver forms, which he then sent in. The District Court concluded

9

that Pearson did not date and send in the required forms until August 20, 2011, which it described as "almost three weeks" after an order to provide them "immediately." However, given that no specific deadline was provided and in light of the time needed for Pearson to receive the order, make copies of the amended complaint, and return the necessary forms by mail, it was unreasonable to expect Pearson to "immediately" respond to the August 4th order. See Mala, __ F.3d __, 2013 WL 57895 at *4.

As for any prejudice to the defendants, the Magistrate Judge mentioned that the defendants would be presented with allegations concerning conduct more than four years earlier. However, part of that delay was caused by the District Court's error in dismissing the complaint for failure to state a claim and Pearson's successful appeal. Moreover, it was, on this record, inappropriate for the Magistrate Judge to grant Pearson's motions for extensions of time to file the amended complaint and then use that delay against him in the Poulis analysis. Pearson explained in his motions for extensions that he needed his medical records but that the defendants would not provide him with them.

The Magistrate Judge did not discuss any alternative sanctions; he merely stated that dismissal was the only appropriate sanction. He did not discuss the meritoriousness of any of Pearson's claims. Instead, he criticized inmate medical claims in general:

> Inmate complaints often result in the naming of as many defendants as the inmate can remember . . . even though there is no legal claim against them in the complaint, no viable legal claim within any likely amendment to the complaint, and no interest on the part of the inmate in following through.

10

> They generate large litigation expenses which divert resources even from the medical care provided to inmates not to mention other uses the Commonwealth of Pennsylvania and its taxpayers might have for the money. This case is a textbook example.

Report and Recommendation at 7. The quoted language has no apparent bearing on the merits of Pearson's claims. Pearson's complaints of intense abdominal pain and bleeding from his penis were the result of documented medical conditions and required medical treatment outside of the prison. Whether or not Pearson is ultimately successful with his claims, it does not appear at this juncture that he filed this lawsuit for recreational purposes or to harass prison personnel. The Magistrate Judge went on to note that Pearson was the subject of 32 physicians' orders and 72 progress notes. However, the number of entries in the medical records does not necessarily demonstrate that he received constitutionally sufficient medical care.

We conclude that errors were made in the evaluation of the Poulis factors and that it was an abuse of discretion to dismiss Pearson's complaint as a sanction.

Recusal

Pearson argues that the Magistrate Judge should recuse himself. A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Pearson believes that the Magistrate Judge is biased against him because Pearson won his earlier appeal. We are confident that the Magistrate Judge will not harbor any such bias on remand.

11

Pearson also argues that the District Court Judge should have recused himself. He asserts that defendant Sylvia Gibson and the District Court Judge are friends. We will leave it to the District Court Judge to address his arguments in the first instance on remand.

Conclusion

For the above reasons, we will vacate the District Court's September 26, 2011, order and remand for further proceedings.[3] The District Court should review Pearson's amended complaint de novo and determine whether any additional claims in the amended complaint should survive 28 U.S.C. § 1915(e)(2)(B) review. Per our October 16, 2009, opinion, we have already concluded that the allegations against defendants McGrath, Kline, Rhodes, Papuga, and Thomas state a claim. Because the District Court erred in dismissing the complaint for failure to prosecute, the amended complaint should be served on defendants Kline, Rhodes, Papuga, and Thomas as well as any other defendants named by Pearson in claims that survive 28 U.S.C. § 1915(e)(2)(B) review. Pearson should be given time to respond to McGrath's motion for summary judgment. The District Court may wish to consider the appointment of counsel if Pearson is willing to accept such an appointment.

---

[3] Pearson has requested that his appeal fees be refunded. However, appeal and docketing fees may not be refunded. Porter v. Dep't of Treasury, 564 F.3d 176 (3d Cir. 2009).